**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Ramiro PENA, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Joel Vargas Torres, Defendant— Appellant.**

Nos. 06–30632, 07–30056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 14, 2008.

Timothy J. Racicot, USMI—Office of the U.S. Attorney, Missoula, MT, for Defendant—Appellant.

Monte L. Jewell, Esq., Missoula, MT, John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, for Plaintiff—Appellee.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

A) Pena's Claim

The district court did not abuse its discretion in denying Pena's motion to sev-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

er his trial, because Pena and Torres did not present sufficiently "mutually antagonistic defenses." *See Zafiro v. United States,* 506 U.S. 534, 537–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Bianchi's testimony regarding Torres and the period of time before Pena became involved in the conspiracy did not incriminate Pena. Moreover, speculation about how Torres's testimony might have changed in a separate trial is not a basis for concluding that Pena was prejudiced by a joint trial. Finally, the district court issued a limiting instruction, which in this case was more than adequate to "cure any risk of prejudice." *Id.* at 539, 113 S.Ct. 933.

B) Torres's Claims

■ Even if the district court erred in admitting Deputy Peterson's opinion testimony on the inferences he drew from the denominations of the currency found on Torres's person, the error was harmless. *See United States v. Seschillie,* 310 F.3d 1208, 1214 (9th Cir.2002). Setting aside Deputy Peterson's statement, there remained considerable evidence of Torres's guilt. In particular, Torres lied about his identity and Bianchi directly implicated him in the conspiracy. We conclude that "it is more probable than not that the error did not materially affect the verdict." *Id.* (internal quotation marks omitted).

■ The district court did not err in denying Torres's proposed "mere presence" jury instruction, because the government's case against him rested on considerably more than Torres's mere presence. *See United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992). The incriminating testimony of Roy Bianchi is sufficient to distinguish this case from the facts of *Negrete–Gonzales,* where the government's case rested "primarily" on the defendant's presence. *Id.* Additionally, a "mere presence" instruction was not re-

quired because the district court's conspiracy and possession instructions adequately addressed the concern that animated Torres's request, namely, that the jury would punish Torres for his mere proximity to the methamphetamine.

■ Finally, Torres's sentence was not unreasonable. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007); *United States v. Cherer,* 513 F.3d 1150, 1158–61 (9th Cir.2008). The district court correctly calculated Torres's indicated guideline range, and it properly considered the sentencing factors of 18 U.S.C. § 3553(a). As part of its analysis, the district court properly took into account the possibility that Torres might illegally re-enter the United States after being deported and thus engage in criminal conduct. *See* 18 U.S.C. § 3553(a). In considering the need to "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), the district court made an individualized assessment of Torres's situation, and relied in particular on the facts that Torres has been here for 13 years and that his family resides in the United States.

*United States v. Ceja–Hernandez,* 895 F.2d 544 (9th Cir.1990), does not alter our analysis. *Ceja–Hernandez* was decided before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when the Guidelines were still mandatory. Moreover, in this case, unlike in *Ceja–Hernandez,* the district court did not quarrel with the Guidelines in imposing its sentence. *Ceja–Hernandez,* 895 F.2d at 545. Rather, it conducted, as it must, an individualized assessment of the defendant's situation in light of the § 3553(a) factors. Because the district court properly calculated Torres's guideline range, and because the court appropriately made an individualized assessment of the defendant's situation in light of the § 3553(a)

factors, we affirm the sentence imposed by the district court.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.